NO. 07-02-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 12, 2002

_____

ABEL GARCIA SANCHEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH JUDICIAL DISTRICT OF HALE COUNTY;

NO. A13486-9908; HON. JACK R. MILLER, PRESIDING
_____

Before QUINN, REAVIS, and JOHNSON, JJ.

Abel Garcia Sanchez (appellant) appeals his conviction for burglary of a habitation. Appellate counsel, Kreg Hukill, moved to withdraw as counsel of record for appellant. He did so on the grounds that appellant had filed a grievance against him. In his motion, Hukill averred that he notified his client of the motion and his right to object to it. We received no objection from appellant and granted the motion. At this point, appellant is without appellate counsel.

Accordingly, we abate this appeal and remand the cause to the 64th District Court of Hale County (trial court) for further proceedings. Upon remand, the trial court shall

immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute this appeal;

2.  whether appellant is still indigent and entitled to appointed counsel; and

3.  whether appellant desires the appointment of counsel or desires to act *pro se* (after receiving appropriate admonishment about representing one's self).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, wants appointed counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law, and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before August 11, 2002. Should additional time be needed to perform these tasks, the trial court may request same on or before August 11, 2002.

We do caution, however, that appellant is not entitled to counsel of his own choosing. Nor may he utilize the State Bar grievance system to surreptitiously achieve that end. We do not suggest that this was his goal in initiating a grievance against

2

attorney Hukill, but that will be a circumstance considered in determining whether future counsel will be allowed to withdraw should they too become the subject of a grievance. Finally, the trial court shall provide a copy of this order to appellant at the aforementioned hearing.      It is so ordered.

Per Curiam


Do not publish.

3